**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**LEE MANUEL,**

               **Plaintiff(s),**          **CASE NUMBER: 08-14046
HONORABLE VICTORIA A. ROBERTS**

**v.**

**BLAINE LAFLER, Warden,
STEVEN HARRINGTON, Regular Unit Officer,
FRANK CHAFFIN, Corrections Officer, and
BRADLEY PEET, Resident Unit Manager,**

               **Defendant(s).**
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTIONS FOR A PROTECTIVE ORDER STAYING DISCOVERY**

On November 5, 2008, Plaintiff Lee Manuel ("Manuel") filed a "Motion for Protective Order Staying Discovery." (Doc. #12). Manuel asks the Court to stay discovery of his medical records because Defendants Blaine Lafler, Steven Harrington, and Bradley Peet (collectively "Defendants") did not: (1) respond to the Complaint; or (2) plead facts sufficient to warrant disclosure of his medical records. In addition, Manuel says Defendants' discovery request is premature because the Court did not order discovery.

Despite his request to stay discovery, Manuel served Defendants with "Plaintiff's First Request for Production of Documents" and "Plaintiff's First Set of Interrogatories to Defendant's[sic]" on November 14, 2008.

On December 11, 2008, Defendants filed a "Motion for Entry of a Protective Order Staying Discovery." (Doc. #14). Defendants ask the Court to enter a protective

1

order staying discovery because: (1) their pending "Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies, Failure to State a Claim and Qualified Immunity" (Doc. #13) will potentially dispose of Manuel's claims; and (2) Manuel's discovery requests are irrelevant to their summary judgment motion.

A protective order is not the appropriate remedy. Neither Manuel nor the Defendants say discovery will cause "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c) ("[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]").

Nevertheless, Fed. R. Civ. P. 16(b)(1)(B) requires the Court to issue a scheduling order "after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means." The Court has not had the required consultation.

Further, discovery is not warranted at this juncture, given Defendants' pending summary judgment motion.

Manuel and the Defendants' request for a protective order is **DENIED**.

Manuel and the Defendants' motions for a stay of discovery are **GRANTED**. Discovery is **STAYED** pending resolution of Defendants' summary judgment motion.

**IT IS ORDERED**.

                                          s/Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated: December 15, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 15, 2008.

s/Linda Vertriest
Deputy Clerk