UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE MANUEL,

        Plaintiff,               CASE NUMBER: 08-14046
                                    HONORABLE VICTORIA A. ROBERTS

v.

BLAINE LAFLER, Warden,
STEVEN HARRINGTON, Regular Unit Officer,
FRANK CHAFFIN, Corrections Officer, and
BRADLEY PEET, Resident Unit Manager,

        Defendant(s).
_____/

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants Blaine Lafler, Steven Harrington, and Bradley Peet's (collectively "Defendants") "Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies, Failure to State a Claim and Qualified Immunity." (Doc. #13).

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue

of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.  If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate.  *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

Plaintiff did not respond to Defendants' motion.  However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded."  *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).  The moving party must always bear the initial burden of demonstrating the absence of a genuine issue of material fact, even if the opposing party fails to respond.  *Id.* at 454-55.  "The court is required, at a minimum, to examine the [Defendants'] motion for summary judgment to ensure that [they have] discharged that burden."  *Id.* at 455.

After reviewing the merits of Defendants' motion, the Court **DISMISSES** Plaintiff's claims against Lafler and Peet.  The exhaustion provision of the Prison Litigation and Reform Act ("PLRA") says, "No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." 42 U.S.C. §1997e(a).  A prisoner must comply with a system's critical procedural rules to "properly exhaust" a claim.  *Woodford v. Ngo*, 548 U.S. 81, 95 (2006).  This requirement was clarified in *Jones v. Bock*, 549 U.S. 199 (2007):

> Compliance with prison grievance procedures . . . is all that is required by the PLRA to "properly exhaust."  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218.

Paragraph T of the Michigan Department of Corrections' Policy Directive 03.02.130 says, "Information provided [on grievance forms] shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  (Emphasis in original).

Defendants present evidence that Plaintiff did not name Lafler or Peet on any grievance forms.  Defendants met their burden to demonstrate that no genuine issue of material fact exists regarding whether Plaintiff properly exhausted his administrative remedies as to Lafler and Peet.

Defendants do not move for dismissal on behalf of Frank Chaffin because he has not been served.  However, *sua sponte* dismissal on Plaintiff's claims against Chaffin is appropriate because Plaintiff did not name Chaffin on any grievance forms.

Plaintiff claims Harrington is responsible for closing the cell door on his head, which resulted in the partial severing of his left ear.  Defendants present evidence that Harrington was not responsible for operating the cell doors when Plaintiff was injured.  Plaintiffs claims against Harrington are **DISMISSED**.

**IT IS ORDERED**.

                                        s/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: January 6, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Lee Manuel by electronic means or U.S. Mail on January 6, 2009.

s/Linda Vertriest
Deputy Clerk

---