UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE MANUEL,

        Plaintiff,                  CASE NUMBER: 08-14046
                                                 HONORABLE VICTORIA A. ROBERTS

v.

BLAINE LAFLER, Warden,
STEVEN HARRINGTON, Regular Unit Officer,
FRANK CHAFFIN, Corrections Officer, and
BRADLEY PEET, Resident Unit Manager,

        Defendant(s).
_____/

## ORDER

On January 6, 2009, the Court granted Defendants' "Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies, Failure to State a Claim and Qualified Immunity." (Doc. #17). Plaintiff Lee Manuel ("Manuel") did not respond to the motion, and Defendants met their burden to demonstrate the absence of a genuine issue of material fact. Specifically, the Court dismissed Manuel's claims against Steven Harrington because Defendants presented evidence that Harrington was not responsible for operating the cell doors when Manuel was injured.

Before the Court is Manuel's request for leave to file an amended complaint. (Doc. #19). Manuel says Defendants' motion for summary judgment was only supported by hearsay evidence, and he has evidence that Harrington was a "rovering" officer who operated the cell doors at the time of his injury. Manuel asks the Court for permission to amend his Complaint to add the fact that "rovering" officers operate the cell doors when other officers take breaks.

1

The Court construes Manuel's request as a motion for reconsideration.

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the Court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

In support of their argument that Harrington did not operate the cell doors when Manuel was injured, Defendants presented affidavits from Harrington and Don Wilson, a Captain at the St. Louis Correctional Facility. Harrington's affidavit says, "I did not operate the Housing Unit bubble [i.e., the cell doors] at the time of the incident[.]" Wilson's affidavit says the position of "rover" is responsible for duties unrelated to the operation of cell doors. Manuel does not present contrary evidence.

Further, Manuel's request presents the same issues ruled upon by the court. Based on the foregoing, Manuel's request is **DENIED**.

**IT IS ORDERED**.

                                          s/Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated: February 2, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Lee Manuel by electronic means or U.S. Mail on February 2, 2009.<br><br>s/Linda Vertriest<br>Deputy Clerk |